**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

UNITED STATES OF AMERICA,

               Plaintiff,

           v.

Domenico Lonardo,

               Defendant.

**REPORT AND RECOMMENDATION**
10-cr-6226

---

### Preliminary Statement

By text Order of Judge Charles J. Siragusa, dated November 15, 2010, all pre-trial motions have been referred to this Court pursuant to 28 U.S.C. § 636(b)(1)(A)-(B). Currently before the Court is a motion by defendant Domenico Lonardo to suppress tangible evidence found, pursuant to two search warrants, in Lonardo's premises located at 199 Walker Road, Hilton, New York. (Docket # 27). The Government has filed papers in opposition to this motion. (Docket # 28). On August 25, 2011, a hearing was held with respect to defendant's motion to suppress the search warrants. On December 27, 2011, defendant filed a supplemental brief. (Docket # 39). On May 14, 2012, the Government filed its supplemental brief. (Docket # 47). The following is my Report and Recommendation as to the defendant's motion.

### Factual Background

On March 8, 2010, New York State Police Investigator Scott Shepard was informed by Immigration and Customs Enforcement ("ICE")

Special Agent Joseph Stroh that he had reason to believe that defendant Domenico Lonardo had an indoor hydroponic marijuana grow operation going on at his 199 Walker Road residence in Hilton, New York. Based on this information, between March 11, 2010 and April 6, 2010, Investigator Shepard reviewed information regarding the electric usage for 199 Walker Road and compared the information to similar residences within the same geographic area. Investigator Shepard determined that 199 Walker Road had significantly higher electric usage as compared to the comparable residences in the area. Based on this information, Investigator Shepard applied for a Forward Looking Infrared Equipment ("FLIR") search warrant for 199 Walker Road.

In his application for a FLIR search warrant dated April 7, 2010, Investigator Shepard averred that there was "reasonable cause to believe" that 199 Walker Road in Hilton, New York was involved in a marijuana grow operation. See Investigator S.A. Shepard's Affidavit for Search Warrant (hereinafter "Shepard Aff.") attached to Exhibit "1" annexed to Docket # 28. Shepard asserted several bases for his assertion that there was reasonable cause to believe that such unlawful operations were ongoing at 199 Walker Road. Specifically, Shepard explained that on March 8, 2010 he was contacted by ICE Special Agent Joseph Stroh, who informed him that he had been provided with information that Domenico Lonardo was possibly operating an indoor marijuana grow operation at his 199

Walker Road residence in Hilton, New York. Shepard further explained that based on the information he received from Special Agent Stroh, he requested and received from the National Grid billing and electrical usage information for 199 Walker Road. Shepard averred that the National Grid provided him with the following information: (i) the electrical bills for 199 Walker Road, Hilton, New York are billed to Domenico R. Lonardo at 37 Nisa Lane, Rochester, New York; and (ii) the average Kilowatt hours utilized for the billing periods of 1/2/09 through 3/3/10 was 2775 KWH monthly. See id.; see also National Grid account information and electrical usage worksheet for 199 Walker Road, Hilton, NY attached to Exhibit "1" annexed to Docket # 28. Based on his training and experience, Shepard found 2775 KWH monthly to be significantly high electrical usage and, as a result, on March 31, 2010, he requested and received from the National Grid electrical usage of two comparison residences, specifically 160 Walker Road and 233 Walker Road. The 160 Walker Road and 233 Walker Road residences are in the same vicinity as 199 Walker Road and "are of similar size and characteristics." See Shepard Aff. attached as Exhibit "1" to Docket # 28. The information provided by the National Grid revealed that the residences' average Kilowatt hours utilized for the same time period (1/2/09 - 3/3/10) were 868 KWH and 237 KWH respectively. See id. On April 6, 2010, Shepard received from the National Grid the latest electrical usage reading

for 199 Walker Road for the period 3/3/10 through 4/1/10, which indicated a reading of 2916 KWH used.  See id.

In his FLIR search warrant application, Shepard averred that based on his "training and experience," the type of "high electrical usage at 199 Walker Rd Hilton, NY is consistent with that of an indoor hydroponic marijuana grow."  Id.  Shepard further asserted the following grounds as the bases in support of his belief that 199 Walker Road had an unlawful marijuana grow operation: (i) "indoor marijuana cultivation requires the use of high intensity lights as a means of artificial sunlight"; (ii) marijuana cultivators "often utilize lights ranging in power from 400 watts to 1000 watts to provide the plants with enough light to grow as if they were outside"; (iii) such powerful lights "use large quantities of electricity" and add approximately $20.00 - $50.00 to monthly utility bills; and (iv) marijuana cultivators often employ several of these powerful lights to an enclosed room "which creates a significant amount of heat."  Id.  Shepard further asserted that on April 6, 2010, he conducted a criminal history check of Domenico Lonardo.  He averred that the Division of Criminal Justice Services Repository revealed that Lonardo had been previously arrested for, inter alia, Unlawful Possession of Marijuana in violation of PL 221.05 on September 27, 1999, and Marijuana Possession and Drug Equipment Possession in Florida on September 18, 2001.  See id.  Investigator Shepard stated that on

-4-

March 15, 2000, defendant was convicted of Driving While Ability Impaired in full satisfaction of his September 27, 1999 charges, and on April 17, 2002 was convicted of his Florida charges.  Id.

On April 7, 2010, upon review and consideration of Investigator Shepard's search warrant application, New York State Monroe County Judge Frank P. Geraci, Jr. issued a search warrant authorizing the utilization of Forward Looking Infrared Equipment for the thermal image resulting from heat emitting from 199 Walker Road, Hilton, New York.  See Search Warrant dated April 7, 2010 attached as Exhibit "1" to Docket # 28.  Judge Geraci found that based on the supporting affidavit of Investigator Shepard "adequate grounds exist for" the FLIR search warrant for 199 Walker Road. Id.

On April 8, 2010 at approximately 8:45 p.m., United States Customs and Border Protection ("CBP") Air Interdiction Agent ("AIA") Mark Diss executed the FLIR search warrant.  Based on his training and experience, AIA Diss found that "the South and Southeast side basement area is significantly hotter than the rest of the structure" located at 199 Walker Road, as well as in comparison to similar structures in the immediate area.  See Affidavit of Mark D. Diss attached to Exhibit "2" annexed to Docket # 28.  Based on the information obtained from AIA Diss, on April 13, 2010, Investigator Shepard applied for a search warrant of the 199 Walker Road premises.  In his search warrant application,

Shepard reiterated the grounds set forth in his FLIR search warrant application dated April 7, 2010, and set forth the results of the FLIR search as obtained by AIA Diss.  <u>See</u> Investigator S.A. Shepard's Affidavit for Search Warrant dated April 13, 2010 attached to Exhibit "2" annexed to Docket # 28.  On April 13, 2010, based upon his review and consideration of Investigator Shepard's search warrant application, Judge Geraci issued a search warrant for the 199 Walker Road, Hilton, New York premises.  <u>See</u> Search Warrant attached to Exhibit "2" annexed to Docket # 28.  Based on the search warrant application of Investigator Shepard, Judge Geraci found "that there is probable cause for believing that the property" located at 199 Walker Road may be operating an unlawful marijuana grow operation.  <u>See</u> <u>id.</u>  Judge Geraci determined that "adequate grounds exist for authorizing any executing police officer to enter the premises to be searched" pursuant to New York State Criminal Procedure Law §§ 690.35(4)(b) and 690.45(7).  <u>Id.</u>

On April 15, 2010, officers of the New York State Police, ICE and the DEA executed the search warrant.  The agents and officers searched the premises and seized, *inter alia*, approximately 130 marijuana plants, 96 grams of loose marijuana, 3.4 grams of liquid LSD, approximately 160 tablets of Methandienone, 50 tablets of Stanozolol, generators, exhaust fans, grinders, light timers, digital scales and a triple beam balance scale.  <u>See</u> Government's Response in Opposition (Docket # 28) at pp. 3-4.  The officers also

-6-

found a sawed-off Winchester Model 1200 12 gauge shotgun and various rounds of ammunition, a passport in the name of Lonardo, mail addressed to Lonardo at 199 Walker Road, Hilton, NY and at 37 Nisa Lane, Apartment 2, Rochester, NY, and approximately $691.00 in United States currency.  Id.  Immediately after searching the premises and discovering the aforementioned contraband, the officers took defendant Lonardo into custody at the scene and arrested him.  Id. at p. 3.  On November 9, 2010, a federal grand jury returned a ten-count Indictment against defendant Domenico Lonardo.

With the instant motion, defendant Lonardo moves pursuant to the Fourth Amendment to suppress any tangible evidence obtained from the two search warrants executed on Lonardo's premises located at 199 Walker Road in Hilton, New York.  Lonardo argues that the searches were "unreasonable" under the Fourth Amendment, as there was no probable cause for the searches.  See Affirmation of Michael P. Schiano, Esq. (hereinafter "Schiano Aff.") annexed to Docket # 27 at p. 6.  In addition to his argument that the warrants were not based on probable cause, Lonardo also claims that the applications in support of both search warrants contained "false and misleading" information, as well as "lies."  Id. at 5. Lonardo maintains that Investigator Shepard's assertion that he "had some criminal history of marijuana Sale" is "false and misleading."  Id.  Lonardo also contends that Investigator Shepard "lied" in his application for

-7-

the search warrant of the premises, as the FLIR results did not show any abnormal heat coming from 199 Walker Road and "there was no difference between the subject house and the other properties that were compared by the police." Id.

Based on both the alleged lack of probable cause and law enforcement's deliberate use of facts they knew to be false or misleading, the defendant moves to suppress "any and all evidence obtained in connection with the search warrants." Id. at p. 5.

## Discussion

Search warrants must be issued upon a showing of probable cause pursuant to Federal Rule of Criminal Procedure 41(d)(1). "To establish probable cause to search a residence, two factual showings are necessary-first, that a crime was committed, and second, that there is probable cause to believe that evidence of such crime is located at the residence." United States v. Travisano, 724 F.2d 341, 345 (2d Cir. 1983)(concluding that a search warrant issued for a stolen car and the house it was parked in front of was proper because there was a fair probability that the house would contain some stolen goods from the car). A magistrate's "finding of probable cause is itself a substantial factor  tending to uphold the validity of this warrant." Id.; see also United States v. Ventresca, 380 U.S. 102, 106 (1965)(holding that a magistrate's disinterested finding of probable cause based

-8-

on reasonable inferences is given preference).  Probable cause
exists when, given the totality of the circumstances, a reasonable
person could believe "there is a fair probability that contraband
or evidence of a crime would be found in a particular place."
United States v. Ponce, 947 F.2d 646, 650 (2d Cir. 1991)(quoting
Illinois v. Gates, 462 U.S. 213, 238 (1983)).  "The process does
not deal with hard certainties, but with probabilities."  Gates,
462 U.S. at 230; see also United States v. Thomas, 757 F.2d 1359,
1367 (2d Cir. 1985)("Probable cause to believe certain items will
be found in a specific location . . . need not be based on direct,
first-hand, or 'hard' evidence.")(internal citation omitted).

          A.  The FLIR Warrant

     Probable Cause:   In Kyllo v. United States, 533 U.S. 27
(2001), the Supreme Court held that law enforcement's use of a
thermal imaging device to measure the radiation of heat from a
person's home was a "search" within the meaning of the Fourth
Amendment and thus must, absent an exception, be conducted pursuant
to a search warrant based on probable cause.  Here, the affidavit
of Investigator Shepard submitted in support of the FLIR search
warrant establishes that (1) law enforcement had been informed that
Lonardo may be operating an indoor marijuana grow operation; (2)
199 Walker Road's electric usage was *significantly* higher than
similar size residences in the neighborhood; (3) based on Shepard's
training and experience, such high electrical usage was "consistent
with that of an indoor hydroponic marihuana grow," as marijuana

-9-

cultivation requires the use of high intensity lights as a means of artificial sunlight, as well as other electrical equipment including oscillating fans; and (4) Lonardo had a criminal history involving marijuana, including a 1999 New York State arrest for possession of marijuana and a 2001 conviction in Florida for possession of marijuana and "drug equipment."  See Shepard Affidavit attached to Exhibit "1" annexed to Docket # 28.  Upon review of the totality of the warrant application, I find that the record before the Court supports Judge Geraci's determination that there was sufficient probable cause to authorize a FLIR search of Lonardo's residence.  Probable cause is a "flexible, common-sense standard" that requires "[a] 'practical, nontechnical' probability that incriminating evidence" will be found at the location to be searched.  Texas v. Brown, 460 U.S. 730, 742 (1983)(citation omitted).  The search warrant presented to Judge Geraci meets this standard.

Franks Claim: Where, as here, a defendant challenges the accuracy of representations in a warrant application, he must demonstrate by a preponderance of the evidence "(1) that the inaccuracies were the product of a Government agent's 'deliberate falsehood' or 'reckless disregard for the truth' rather than innocent mistake, and (2) that, after setting aside the falsehoods, what remains of the warrant affidavit is insufficient to support a finding of probable cause." United States v. Coreas, 419 F.3d 151, 155 (2d Cir. 2005)(quoting Franks v. Delaware, 438 U.S. 154, 164-72

-10-

(1978)).   Lonardo meets neither prong of this test.   Lonardo
argues that Shepard's Affidavit in support of the FLIR warrant
contains false statements because he was never convicted the
Florida drug charges, but rather entered a plea of "*nolo contendre*
with adjudication being withheld."   Lonardo has not presented any
evidence that the erroneous description of the disposition of his
Florida drug charge was an intentional falsehood made with reckless
disregard for the truth.   Moreover, the remaining unchallenged
information in the warrant application established a "fair
probability" that "evidence of a crime" would be found by
conducting the FLIR search of 199 Walker Road.   Illinois v. Gates,
462 U.S. 213, 238 (1983).   Accordingly, it is my Report and
Recommendation that the defendant's motion to suppress the FLIR
search warrant be denied.

     B.  The 199 Walker Road Search Warrant:   With respect to the
second search warrant to search the 199 Walker Road premises,
Lonardo's attack on the search warrant is essentially one grounded
in Franks v. Delaware, 438 U.S. 154 (1978).   The defendant does
not argue that the facts set forth in the search warrant
application do not meet the probable cause standard, but rather
that the search warrant is defective because the supporting
affidavit of Investigator Shepard was filled with "lies" and false
and misleading statements.   Specifically, Lonardo argues that
Shepard improperly relied on the affidavit of AIA Mark Diss, who
executed the FLIR search warrant, and that Diss's affidavit is

unreliable because it contains false and misleading statements about the FLIR results.  In his affidavit, AIA Diss averred that he has training and experience in the use of thermal imaging to detect high intensity lighting associated with indoor marijuana cultivation operations.  According to Diss, "[t]hermal imaging has been used by law enforcement for many years in investigations of indoor marijuana growing cases" and the results of such imaging tests "has been used as probable cause for search warrants" where excessive heat emanating from a structure has been detected.  See Diss Affidavit attached to Exhibit "2" annexed to Docket # 28. Diss stated that the FLIR examination of 199 Walker Road confirmed that the South and Southeast basement areas of the residence were "significantly hotter than the rest of the structure."  Id.  AIA Diss stated that similar sized structures in the vicinity also had a difference in temperature between the basement and the rest of the structure, "but not as significant as that of 199 Walker Rd." Id.

    During the fact-finding hearing held on August 25, 2011, Agent Diss testified extensively about the results of the FLIR examination he conducted of 199 Walker Road.  See Hearing Transcript (Docket # 35).  In addition, the Court heard testimony from defense witness Robert Seffrin, the Director of Infraspection Institute and a certified infrared thermographer.  See id.  The expert testimony of Diss and Seffrin presented conflicting views of the utility of thermal imaging in detecting marijuana grow

operations in residential structures.  Agent Diss opined that when used by someone trained in thermal imaging, a FLIR test can accurately detect and locate thermal energy sources in a residential structure, including the type of thermal energy typically associated with indoor marijuana grow operations. Seffrin, on the other hand, testified that it is impossible to draw accurate conclusions as to thermal energy levels consistent with indoor marijuana grow operations using FLIR.  Id. at pp. 116-118. Seffrin stated he considered law enforcement use of thermal imaging to determine anything going on inside an insulated residence "junk science."  Id. at p. 118.[1]

The problem with Lonardo's argument is that he bears the burden of showing that the claimed misstatements in the search warrant application were the result of the affiant's deliberate falsehood or reckless disregard for the truth.  There has been no factual showing upon which the Court could make such a finding here.  And Lonardo has not cited any legal authority for the proposition that Investigator Shepard was required to question or conduct an independent evaluation of Agent Diss's factual findings and expert opinion before relying upon the FLIR results when applying to Judge Geraci for a search warrant.  See United States v. Harding, 273 F. Supp. 2d 411, 428 (S.D.N.Y. 2003)(Franks's

_____

[1] Seffrin testified that he has expressed his "junk science" view in other cases, but to his knowledge his views have not yet been adopted by any court.  See Hearing Transcript (Docket # 35) at p. 116.

threshold not met because affiant was not required to conduct a detailed analysis of an expert's opinion before relying on the evidence in a search warrant application).  In other words, absent some reason for Investigator Sheperd to question the veracity of Diss's affidavit, Shepard committed no wrong in accepting Agent Diss's findings as truthful.   Nor was Shepard required to independently determine whether thermal imaging was "junk science" before submitting the search warrant application to Judge Geraci. As the Court in Franks made clear, the requirement that an affiant be truthful in an application for a search warrant does not mean that every fact stated in the application is correct.

> This does not mean "truthful" in the sense that every fact recited in the warrant affidavit is necessarily correct, for probable cause may be founded upon hearsay and upon information received from informants, as well as upon information within the affiant's own knowledge that sometimes must be garnered hastily.  But surely it is to be "truthful" in the sense that the information put forth is believed or appropriately accepted by the affiant as true.

Franks v. Delaware, 438 U.S. at 165.  There is no basis in this record for the Court to find that the information contained in the search warrant application at issue here was not "believed or appropriately accepted" by Investigator Shepard as true.   "[T]he subject of [a Franks] hearing is the veracity of the affiant, not of persons on whom he justifiably relied."   United States v. Barone, 787 F.2d 811, 814 (2d Cir. 1986).  Accordingly, Lonardo's motion to suppress the search of 199 Walker Road in Hilton, New York should be **denied.**

## **Conclusion**

For the foregoing reasons, it is my Report and Recommendation that defendant's motion to suppress (Docket # 27) be **denied.**

**SO ORDERED.**

_____
        JONATHAN W. FELDMAN
    United States Magistrate Judge


Dated:      June 27, 2012
            Rochester, New York

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

**ORDERED,** that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report and Recommendation in accordance with the above statute and Rule 59(b)(2) of the Local Rules of Criminal Procedure for the Western District of New York.[2]

The district court will ordinarily refuse to consider on *de novo* review arguments, case law and/or evidentiary material which could have been, but was not, presented to the magistrate judge in the first instance. *See*, *e.g.*, *Patterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985 (1st Cir. 1988).

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Wesolek v. Canadair Ltd., et al.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 59(b)(2) of the Local Rules of Criminal Procedure for the Western District of New York, "[w]ritten objections ... shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection, and shall be supported by legal authority." **Failure to comply with the provisions of Rule 59(b)(2) may result in the District Court's refusal to consider the objection.**

Let the Clerk send a copy of this Order and a copy of the Report and Recommendation to the attorneys for the Plaintiff and the Defendant.

**SO ORDERED.**

_____
Jonathan W. Feldman
United States Magistrate Judge

Dated:     June 27, 2012
           Rochester, New York

_____

    [2]   Counsel is advised that a new period of excludable time pursuant to 18 U.S.C. § 3161(h)(1)(D) commences with the filing of this Report and Recommendation.  Such period of excludable delay lasts only until objections to this Report and Recommendation are filed or until the fourteen days allowed for filing objections has elapsed.  <u>United States v. Andress</u>, 943 F.2d 622 (6th Cir. 1991); <u>United States v. Long</u>, 900 F.2d 1270 (8th Cir. 1990).